UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Pratik Khowala,

                Plaintiff,

- against -

Vivint Smart Home, Inc. and Vivint, Inc.,

                Defendant.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Pratik Khowala, for his complaint against Defendants Vivint Smart Homes, Inc. and Vivint, Inc. (collectively, "Vivint Defendants"), states and alleges as follows:

**Introduction**

1.  In 2016, Plaintiff engaged the Vivint Defendants to install a security system in Plaintiff Pratik Khowala's home located in Briarcliff Manor, Westchester County and to periodically inspect and maintain the security system. However, the security system installed by the Vivint Defendants proved almost completely useless when a gang of organized criminals easily broke into Mr. Khowala's home undetected on July 7, 2022 and stole his expensive watch collection. Specifically, the Vivint Defendants negligently installed glass break detectors such that they could not activate when the thieves broke the sliding glass door to burglarize Mr. Khowala's home. Not only did the Vivint Defendants negligently install the glass break detectors, but they negligently failed to notice or rectify the problem over the next six (6) years, even though they allegedly inspected and tested the security system on multiple occasions.

2.  Accordingly, Plaintiff Pratik Khowala brings this action to recover monetary damages from the Vivint Defendants, pre- and post-judgment interest, and such other further relief as the court may deem just and proper.

**The Parties**

3. Plaintiff Pratik Khowala is a natural person and a citizen of New York. He resides at 8 Stonington Heights Drive, Briarcliff Manor, New York 10510.

4. Upon information and belief, Defendant Vivint Smart Home, Inc. is incorporated in Delaware with its principal place of business located at 4931 North 300 West, Provo Utah 84604.

5. Upon information and belief, Defendant Vivint, Inc. is incorporated in Utah with its principal place of business located at 4931 North 300 West, Provo Utah 8460.

6. Upon information and belief, Defendant Vivint Smart Home, Inc. and Defendant Vivint, Inc. manufacture and install home security systems and components, including regularly within New York State.

**Venue and Jurisdiction**

7. This court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are of diverse citizenship and because the amount-in-controversy exceeds the jurisdictional amount set forth in 28 U.S.C. § 1332(a).

8. This court has personal jurisdiction over the Vivint Defendants because both Vivint Defendants knowingly and deliberately transacted business with Plaintiff Pratik Khowala within the State of New York.

9. This action is properly venued in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in the Southern District of New York and the real property that is the locus of the events giving rise to Plaintiff's claims, *i.e.* Plaintiff's home in Briarcliff Manor, is located entirely within the Southern District of New York.

**Facts Common to All Counts**

10. In August 2016, Plaintiff Pratik Khowala engaged the Vivint Defendants to install a home security system in his home located at 8 Stonington Heights Drive, Briarcliff Manor, New York 10510.

11. The home security system consisted of an alarm system that was supposed to alert the local police department of any attempted burglary.

12. The Vivint Defendants assured Mr. Khowala that the security system would protect persons and property from break-ins.

13. A crucial component of the alarm system was the model no. VS-GB2000-345 glass break detector, manufactured and/or sold by the Vivint Defendants. These devices are described in the Vivint Defendants' own installation guide as a directional microphone that must be aimed at the window or glass door in order to work properly and as intended.

14. However, evidently ignoring their own installation guidelines, the Vivint Defendants inexplicably aimed the glass break detector away from the glass door in the rear of Mr. Khowala's home. As a result, the glass break detector could not serve its function of alerting the police department in the event of a break-in through the rear glass door in Mr. Khowala's home.

15. When Mr. Khowala specifically questioned the Vivint Defendants whether the single glass break detector meant to detect a break-in through his rear glass door would be sufficient, the Vivint Defendants assured him that it would be. Mr. Khowala justifiably relied upon those representations.

16. Mr. Khowala paid the Vivint Defendants for the security system equipment and installation thereof, as well as for additional and regular testing and inspection of the system.

17. Subsequent to the installation of the security system, the Vivint Defendants purportedly tested and inspected the security system on several occasions from 2016 to 2022, including upon information and belief the glass break detectors, but failed to notice their installation errors that rendered the glass break detector useless.

18. On July 7, 2022, a gang of thieves broke into Mr. Khowala's residence via the glass door in the rear of Mr. Khowala's home. The alarm systems had been properly turned on prior thereto and was active. The glass break detectors, having been negligently installed, failed to alert the police department to the burglary.

19. As a result, the thieves were able to easily steal Mr. Khowala's watch collection and make their escape.

20. The police did not apprehend the thieves and Mr. Khowala has not been able to recover his stolen watch collection.

21. Had the glass break detectors been properly installed and, as the Vivint Defendants' own instruction manual directs, pointed at the glass door, the alarm would have been triggered at the time the gang of thieves broke into Mr. Khowala's home through the rear glass door, the police department would have been alerted, and the theft either averted or the thieves apprehended, and the stolen property recovered.

## **Count I – Negligence**

22. Plaintiff Pratik Khowala repeats and reiterates the prior allegations of this complaint as if alleged more fully below:

23. The Vivint Defendants had a duty of care to Mr. Khowala to correctly install, test, and monitor the security system at Mr. Khowala's home.

24. The Vivint Defendants breached that duty by, *inter alia*, negligently aiming the glass break detectors away from the glass door in the rear of Mr. Khowala's home and thereafter conducting negligent and inadequate system inspections, negligently assuring Mr. Khowala as to the adequacy of his home security system, on which assurances he justifiably relied, and negligently failing to test the glass break detectors.

25. The Vivint Defendants' breaches of their duty of reasonable care proximately caused loss and damage of Mr. Khowala's property, including the loss of his watch collection.

26. By reason of the foregoing, Mr. Khowala has sustained damages in an amount to be determined at trial.

## Count II – Strict Products Liability

27. Plaintiff Pratik Khowala repeats and reiterates the prior allegations of this complaint as if alleged more fully below:

28. The Vivint Defendants were the manufacturer, seller, distributor, or held themselves out as manufacturer or seller or distributor, of the security system that they installed in Mr. Kowala's home, including the model no. VS-GB2000-345 glass break detector.

29. In the alternative to the glass break detector being negligently installed, it was defective, in that it was manufactured in a flawed manner or designed in a flawed manner, and was not capable of functioning as it was reasonably intended, *i.e.,* to trigger the alarm upon its detection of broken glass.

30. These defects made the security system foreseeably ineffective at deterring and detecting burglaries in Mr. Khowala's home, and were a proximate cause of the loss and damages sustained by Mr. Khowala, including the loss of his watch collection.

31. As a result of the aforesaid, the Vivint Defendants are liable to Plaintiff for compensatory damages in an amount to be determined at trial.

## Count III – Breach of Express and Implied Warranties

32. Plaintiff Pratik Khowala repeats and reiterates the prior allegations of this complaint as if alleged more fully below:

33. The Vivint Defendants explicitly and implicitly warranted that their products and services would protect Mr. Khowala's home from burglaries and would be fit for its ordinary purpose if used in a customary, usual, and reasonably foreseeable manner.

34. Plaintiff reasonably and justifiably relied on the Vivint Defendants' representations and expertise in believing that his home would be protected, and that the alarm would be triggered in the instance someone broke the glass of his rear door.

35. The Vivint Defendants breached said warranties by, *inter alia*, failing to install the security system in a workmanlike manner, failing to install the security system in a manner required by the system's own installation guidelines, failing to adequately test the security system, failing to adequately inspect the security system, and otherwise delivering products and services that were defective and insufficient.

36. These breaches were a proximate cause of the loss and damages sustained by Mr. Khowala, including the loss of his watch collection.

37. By reason of the foregoing, Plaintiff sustained damages, including foreseeable consequential damages, in an amount to be determined at trial, for which the Vivint Defendants are liable.

### Count IV – Breach of Express and Implied Warranties

38. Pratik Khowala repeats and reiterates the prior allegations of this complaint as if alleged more fully below:

39. Plaintiff had a valid and enforceable agreement with the Vivint Defendants to install, test, and maintain a security system in his home.

40. Plaintiff complied with all the terms of his agreement with the Vivint Defendants.

41. The Vivint Defendants breached this agreement by, *inter alia*, failing to install the security system in a workmanlike manner, failing to install the security system in a manner required by the system's own installation guidelines, failing to adequately test the security system, failing to adequately inspect the security system, and otherwise delivering products and services that were defective and insufficient

42. As a result of the Vivint Defendants' breaches, Plaintiff has suffered damages, including foreseeable consequential damages, in an amount to be determined at trial for which the Vivint Defendants are liable.

### Prayer for Relief

WHEREFORE, Plaintiff Pratik Khowala demands judgment against the Vivint Defendants on each of the above-referenced claims and causes of action, jointly and severally, as follows:

i) Awarding compensatory damages under New York law against the Vivint Defendants (Count I);

ii) Awarding compensatory damages under New York law against the Vivint Defendants (Count II);

iii) Awarding compensatory and consequential damages under New York law against the Vivint Defendants (Count III);

iv) Awarding compensatory and consequential damages under New York law against the Vivint Defendants (Count IV);

v) Pre- and postjudgment interest;

vi) Awarding reasonable attorney's fees;

vii) Awarding the costs of these proceedings; and

viii) Such other and further relief as this court deems just and proper.

Dated: New York, New York
February 8, 2023

Yours etc.,

**BELLUCK & FOX, LLP**
546 Fifth Avenue, 5th Floor
New York, New York 10036

By: */s/ Daniel Belzil*
Daniel R. Belzil, Esq.

*Attorneys for Plaintiff Pratik Khowala*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Pratik Khowala,

                      Plaintiff,

- against -                           **DEMAND FOR JURY TRIAL**

Vivint Smart Home, Inc. and Vivint, Inc.,

                      Defendants.

Pursuant to Federal Rule of Civil Procedure 38 Plaintiff Pratik Khowala hereby demands a jury trial on all issues so triable.

Dated: New York, New York
         February 8, 2023

Yours etc.,

**BELLUCK & FOX, LLP**
546 Fifth Avenue, 5th Floor
New York, New York 10036

By:   */s/ Daniel Belzil*
       Daniel R. Belzil, Esq.

*Attorneys for Plaintiff Pratik Khowala*