UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PRATIK KHOWALA,<br><br>    Plaintiff,<br><br>v.<br><br>VIVINT SMART HOME, INC. and VIVINT, INC.,<br><br>    Defendants. | No. 1:23-cv-01068-AT |

**DEFENDANTS' REPLY IN SUPPORT OF
<u>MOTION TO COMPEL ARBITRATION</u>**

**TABLE OF CONTENTS**

I. INTRODUCTION .................................................................................................................. 1

II. ARGUMENT & AUTHORITIES ............................................................................................ 2

    A. The 2016 PSA is valid and enforceable. ............................................................... 2

    B. The 2022 PSA also mandates arbitration of Mr. Khowala's claims. ................... 4

        1. The 2022 PSA contains a valid agreement to arbitrate. ............................... 4

        2. Mr. Khowala's claims fall within the scope of the 2022 PSA. .................... 6

    C. If the Court determines that a fact issue exists as to arbitrability, then the Court should order limited discovery and summarily decide the issue on renewed briefing. .................. 7

III. CONCLUSION & PRAYER .................................................................................................. 8

## **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Allstate Ins. Co. v. Am. Home Prod. Corp.*,
  No. 01 Civ. 10715(HBP), 2010 WL 1257337 (S.D.N.Y. Mar. 31, 2010) .................................6

*In re Am. Express Fin. Advisors Sec. Litig.*,
  672 F.3d 113 (2d Cir. 2011)...................................................................................................2

*AT&T Mobility LLC v. Concepcion*,
  563 U.S. 333 (2011).......................................................................................................4, 5, 6

*Bensadoun v. Jobe-Riat*,
  316 F.3d 171 (2d Cir. 2003)...................................................................................................2

*Flint v. Bank of Am., N.A.*,
  No. 15-13006, 2016 WL 1444505 (E.D. Mich. Apr. 13, 2016) ..............................................5

*Gold v. Deutsche Aktiengesellschaft*,
  365 F.3d 144 (2d Cir.2004)....................................................................................................6

*HITORQ, LLC v. TCC Veterinary Servs., Inc.*,
  2021 UT 69 ............................................................................................................................2

*Hooks v. Forman Holt Eliades & Ravin LLC*,
  No. 11 Civ. 2767 LAP, 2015 WL 5333513 (S.D.N.Y. Sept. 14, 2015) ...................................3

*Howsam v. Dean Witter Reynolds, Inc.*,
  537 U.S. 79 (2002).................................................................................................................4

*Kindred Nursing Centers Ltd. P'ship v. Clark*
  581 U.S. 246, 248, 252 (2017)...............................................................................................5

*Mortensen v. Bresnan Commc'ns, LLC*,
  722 F.3d 1151 (9th Cir. 2013) ...............................................................................................5

*Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*,
  460 U.S. 1 (1983)...................................................................................................................7

*Rent-A-Center, West, Inc. v. Jackson*,
  561 U.S. 63 (2010).................................................................................................................4

*Strong v. Cochran*,
  No. 2:14-CV-00788-TC, 2015 WL 12780593 (D. Utah May 5, 2015) ...................................7

*Strong v. Davidson*,
    734 F. App'x 578 (10th Cir. 2018)......................................................................................7

*Ware v. L-3 Vertex Aerospace, LLC*,
    No. 16 Civ. 8067 (LAP), 2020 WL 783764 (S.D.N.Y. Feb. 18, 2020), aff'd,
    833 F. App'x 357 (2d Cir. 2020).........................................................................................3

**Statutes**

Federal Arbitration Act ...............................................................................................................1, 6

Utah Code § 78B-11-108(1)(b)........................................................................................................7

Utah's Uniform Arbitration Act......................................................................................................2

I.     **I**NTRODUCTION

Plaintiff Pratik Khowala's response confirms that his claims should be compelled to arbitration. Defendants' motion demonstrated that Mr. Khowala has valid and enforceable written agreements—the 2016 PSA and 2022 PSA—with defendant Vivint, Inc., both of which admittedly contain mandatory arbitration provisions. Defendants also demonstrated that Mr. Khowala's claims all arise from the terms of those agreements, and so are subject to binding arbitration.

With respect to the 2016 PSA, Mr. Khowala's response does not argue that his claims are outside the scope of its arbitration provision, effectively conceding the point. Instead, Mr. Khowala focuses on the first element of the two-part test: whether a binding agreement to arbitrate exists. And while he argues he is not bound by the 2016 PSA at all, his only support for that position is an uncorroborated denial in which he swears he did not receive or execute the 2016 PSA. Mr. Khowala does not offer any additional evidence to support his position. Nor does he walk back his pleaded allegation that a valid agreement exists between Vivint and Mr. Khowala. Indeed, Mr. Khowala's operative complaint makes clear that a valid agreement exists, and he fails to even attempt to reconcile that allegation with his new-found denial.

As to the 2022 PSA, Mr. Khowala argues that its arbitration provision cannot apply retroactively to his claims against Vivint, and that its waiver of his right to a jury is unenforceable under New York Law.[1] Those arguments fail as a matter of fact and law. Factually, Mr. Khowala does not dispute that he signed the 2022 PSA and that it supersedes prior agreements (including the 2016 PSA) by its plain language. And with respect to his jury waiver argument, the Federal Arbitration Act and Supreme Court precedent foreclose any state law argument as a matter of law.

---

[1] Mr. Khowala also argues that the 2022 PSA's limitation of liability provision is unenforceable. However, that argument relates to an irrelevant merits issue not before the Court.

Finally, even if the Court finds a fact issue exists as to arbitrability, Defendants' motion should not be denied outright. Rather, the appropriate remedy would be to order narrow discovery and then summarily decide the issue on renewed briefing. But because no fact issue exists, the Court should grant Defendants' motion and compel Mr. Khowala's claims to arbitration now.

## II.   ARGUMENT & AUTHORITIES

In deciding whether to compel arbitration, the Court will employ the familiar two-part test: "(1) whether the parties have entered into a valid agreement to arbitrate, and if so, (2) whether the dispute at issue comes within the scope of the arbitration agreement." *In re Am. Express Fin. Advisors Sec. Litig.*, 672 F.3d 113, 128 (2d Cir. 2011) (describing the court's role under the FAA); *see HITORQ, LLC v. TCC Veterinary Servs., Inc.*, 2021 UT 69, ¶ 24 (same under Utah's Uniform Arbitration Act). Defendants met their initial burden to establish both elements, while Mr. Khowala's opposition falls well short of his burden to rebut that showing.

### A.   The 2016 PSA is valid and enforceable.

Mr. Khowala does not dispute that his claims are within the scope of the 2016 PSA's arbitration provision, tacitly conceding that the 2016 PSA satisfies the second part of the two-part test. His only argument as to the 2016 PSA is that it does not satisfy the first part (existence of a valid and enforceable agreement), claiming that he never executed the 2016 PSA. He is wrong.

As Mr. Khowala properly points out, courts apply similar standards in deciding motions to compel arbitration and motions for summary judgment. Resp., Dkt. 18, at 3 (citing *Bensadoun v. Jobe-Riat*, 316 F.3d 171, 175 (2d Cir. 2003)). Defendants met their initial burden by presenting extensive evidence from its records showing that Mr. Khowala necessarily signed the 2016 PSA. In response, Mr. Khowala tries to rebut that showing by simply claiming that he never signed an agreement with Vivint in 2016. *Id.* at 4. As evidence for that proposition, Mr. Khowala attaches an uncorroborated declaration in which he claims that he is "certain that [he] did not sign the 2016

PSA." Resp., Ex. 1, Dkt. 18-1, at 3. But, standing alone, an uncorroborated declaration is not sufficient evidence to avoid arbitration under the well-known summary judgment standard. *See Ware v. L-3 Vertex Aerospace, LLC*, No. 16 Civ. 8067 (LAP), 2020 WL 783764, at *7 (S.D.N.Y. Feb. 18, 2020), aff'd, 833 F. App'x 357 (2d Cir. 2020) (holding that plaintiff's "uncorroborated declaration does not create a fact question on whether his credit card use violated company policy"); *see also Hooks v. Forman Holt Eliades & Ravin LLC*, No. 11 Civ. 2767 LAP, 2015 WL 5333513, at *13 (S.D.N.Y. Sept. 14, 2015) (holding that defendant could not defeat plaintiff's motion for summary judgment because defendant relied solely on conclusory, uncorroborated declarations).

Moreover, Mr. Khowala continues to allege that the parties have "a valid and enforceable agreement." Compl. at ¶ 39. And Mr. Khowala does not dispute any of Defendants' evidence that: (1) a Vivint technician installed a home security system in his home in August 2016; (2) he received a Certificate of Installation in August 2016, notifying him that his system was subject to the terms and conditions of the 2016 PSA; (3) he has received continuous service from Vivint and has maintained an active security system with Vivint since August 2016 subject to that 2016 PSA; and (4) the scope of the 2016 PSA's arbitration provision encompasses Mr. Khowala's claims against Vivint. Instead, citing only his self-serving declaration, Mr. Khowala argues that "he did not execute the 2016 PSA and never had a copy of it." Resp., Dkt. 18, at 4. Mr. Khowala does not give any further evidentiary support for his position that his claims should not be compelled to arbitration because none exists. Mr. Khowala's evidence is insufficient.

In short, Mr. Khowala's argument against being subject to arbitration under the 2016 PSA falls flat. His declaration is insufficient to survive a motion for summary judgment (or motion to compel arbitration) standard. And although Mr. Khowala disputes that he executed the 2016 PSA,

Mr. Khowala concedes that his claims fall within the scope of the 2016 PSA's arbitration provision. Accordingly, Defendants' motion to compel arbitration should be granted.

**B.    The 2022 PSA also mandates arbitration of Mr. Khowala's claims.**

As an initial matter, determining whether Mr. Khowala's claims are subject to the 2022 PSA's arbitration provision is not a matter for the Court to decide. The threshold decision of arbitrability under the 2022 PSA has been delegated to the arbitrator:

> sadr.com/consumer-minimum-standards/. The arbitration shall be held in the location where you live, in Utah, or any other location agreed upon by the parties. **The arbitrator shall decide issues of arbitrability of claims and shall have exclusive authority to resolve any dispute relating to the interpretation, applicability, enforceability or formation of this Agreement.** The arbitrator is bound by the terms of this Agreement as it relates to available damages and other limitations. Judgment on the arbitration award may be entered in any court having jurisdiction. You may opt out of this arbitration clause by providing notice

Mot. Compel Arbitration, Ex. A-3, Dkt. 17-4, at ¶ 19. Accordingly, the Court should not determine the question of arbitrability under the 2022 PSA. *See Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 68–69 (2010) (citing *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83–85 (2002)) ("[P]arties can agree to arbitrate 'gateway' questions of 'arbitrability,' such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy.").

But even if the Court proceeds with an arbitrability determination (it should not), that analysis will yield the same result: compelling Mr. Khowala's claims to arbitration.

1. <u>The 2022 PSA contains a valid agreement to arbitrate.</u>

Mr. Khowala argues that the jury waiver contained in the 2022 PSA's arbitration provision contravenes New York state law. Resp., Dkt. 18, at 9. But Mr. Khowala is mistaken as to which law applies in determining the enforceability of the 2022 PSA's jury waiver. The Supreme Court has confirmed its view that the FAA preempts state law that conflicts with the principal purpose of the FAA. *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 341 (2011) ("When state law prohibits outright the arbitration of a particular type of claim, the analysis is straightforward: The conflicting rule is displaced by the FAA."). Indeed, in *Concepcion*, the Supreme Court presented

4

several examples in which the FAA would preempt state law. One of those examples entailed a state law making unenforceable any contract that "disallow[ed] an ultimate disposition [of a dispute] by a jury[.]" *Id.* at 342.

The Supreme Court was later presented with the exact jury waiver issue as posited hypothetically in *Concepcion*. In *Kindred Nursing Centers Ltd. P'ship v. Clark*, the Supreme Court faced the issue of whether Kentucky state law protecting a person's right to a trial by jury rendered an arbitration provision invalid. 581 U.S. 246, 248, 252 (2017). The Supreme Court reversed the judgment of the Kentucky Supreme Court, holding that the arbitration provision was valid and that the FAA preempted Kentucky state law requiring an explicit statement before an agent can waive her principal's right to a jury trial. *Id.* at 246, 252, 256 (explaining that the Kentucky Supreme Court "did exactly what *Concepcion* barred: adopt[ed] a legal rule hinging on the primary characteristic of an arbitration agreement—namely, a waiver of the right to go to court and receive a jury trial").

Federal courts have since applied the Supreme Court's holding that the FAA preempts state laws invalidating arbitration agreements containing jury waivers like the New York law Mr. Khowala relies on here. *See, e.g., Mortensen v. Bresnan Commc'ns, LLC*, 722 F.3d 1151, 1161 (9th Cir. 2013) (holding the FAA preempted Montana law invalidating all arbitration agreements where waiver of jury trial was not "voluntarily, knowingly, and intelligently" made); *Flint v. Bank of Am., N.A.*, No. 15-13006, 2016 WL 1444505, at *9 (E.D. Mich. Apr. 13, 2016) (holding that Michigan law did not invalidate the arbitration agreement's jury waiver provision and that the Seventh Amendment's right to a jury by trial does not render the FAA void). Accordingly, a jury waiver will be enforced if it is included in a valid and enforceable arbitration agreement governed by the FAA, regardless of contrary state law.

Here, the arbitration provision in the 2022 PSA is expressly governed by the FAA. Mot. Compel Arbitration, Ex. A-3, Dkt. 17-4, at ¶ 19 ("The Federal Arbitration Act shall apply to this Agreement."). As is "readily apparent" from the plain language of the FAA, its "principal purpose" is to "ensur[e] that private arbitration agreements are enforced according to their terms." *Concepcion*, 563 U.S. at 344 (internal quotations omitted). Thus, based on Supreme Court precedent, federal case law, and the plain language of the FAA, the jury waiver in the 2022 PSA's arbitration provision is valid and enforceable. Mr. Khowala's arguments to the contrary fail.

2. Mr. Khowala's claims fall within the scope of the 2022 PSA.

Mr. Khowala concedes that the 2022 PSA supersedes prior agreements but argues that his claims do not fall within the scope of the 2022 PSA's arbitration provision. Resp., Dkt. 18, at 8.

Regardless, the plain language of the 2022 PSA mandates that it supersedes any prior agreements:

> 20. Entire Agreement. The entire and only agreement between us is written in this Agreement, including any schedule of equipment and services or retail installment contract. It replaces any earlier oral or written understanding or agreements. It may not be changed by any oral statements or representations made by our representatives. It may only be changed by mutual agreement between you and us. If you have given or ever give us a purchase order for the System or service which provides for different terms than this Agreement, this Agreement will govern and be controlling. If any provision of this Agreement is found to be invalid or illegal by a court, the balance of the Agreement shall remain in force. You agree that we may save and store all contracts and other documents executed by you in an electronic media, and all such contracts and other documents shall be given the same force and effect as the paper form originals.

*Id.* at ¶ 20. So, in the event the Court determines that the 2016 PSA does not govern this dispute, the 2022 PSA controls.

And Mr. Khowala does not dispute that he signed the 2022 PSA. Resp., Dkt. 18, at 2. Mr. Khowala is therefore unquestionably bound by its terms, including its mandatory arbitration provision. *See Gold v. Deutsche Aktiengesellschaft*, 365 F.3d 144, 149 (2d Cir.2004); *see also Allstate Ins. Co. v. Am. Home Prod. Corp.*, No. 01 Civ. 10715(HBP), 2010 WL 1257337, at *8 (S.D.N.Y. Mar. 31, 2010) (holding that a person who signs a contract is presumed to accept and understand its contents and be bound by its terms and conditions). Accordingly, if the Court

determines that Mr. Khowala did not sign the 2016 PSA, then the 2022 PSA would be the only valid and signed agreement between the parties and would govern this dispute.

**C.     If the Court determines that a fact issue exists as to arbitrability, then the Court should order limited discovery and summarily decide the issue on renewed briefing.**

Mr. Khowala contends that his uncorroborated denial with regard to the 2016 PSA means that a fact issue exists and Defendants' motion must be denied "in its entirety." Resp., Dkt. 18, at 2. Mr. Khowala is mistaken for three principal reasons. First, the 2022 PSA superseded the 2016 PSA and unquestionably requires that any claims he has against Vivint be compelled to arbitration. So, the validity of the 2016 PSA is ultimately irrelevant. Second, even if the Court finds the 2016 PSA to be the relevant agreement, Mr. Khowala's uncorroborated denial does not raise a fact issue in the face of Vivint's extensive evidence showing that he signed it.

And finally, even if the Court determines that a relevant fact issue exists as to whether Mr. Khowala signed the 2016 PSA, the proper remedy is for the Court to order narrow discovery on that fact issue before summarily deciding it. *See Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 22 (1983) (the FAA "call[s] for an expeditious and summary hearing, with only restricted inquiry into factual issues"); *see also* Utah Code § 78B-11-108(1)(b) ("[I]f the refusing party opposes the motion, the court shall proceed summarily to decide the issue and order the parties to arbitrate unless it finds that there is no enforceable agreement to arbitrate."); *see also Strong v. Davidson*, 734 F. App'x 578, 579, 583 (10th Cir. 2018) (explaining that defendants' motion to compel arbitration "spurred limited discovery as to which investors signed an agreement that incorporated an arbitration clause"); *see also Strong v. Cochran*, No. 2:14-CV-00788-TC, 2015 WL 12780593, at *3–5 (D. Utah May 5, 2015) (holding that certain claims required limited discovery before the court could make a decision as to arbitrability). Accordingly, if the Court believes further factual development is necessary before making a decision as to arbitrability, it

7

should order limited discovery as to whether Mr. Khowala signed the 2016 PSA only.

### III.   CONCLUSION & PRAYER

The 2016 PSA and 2022 PSA contain valid, enforceable arbitration provisions covering all claims asserted in Mr. Khowala's Complaint. In light of the applicable law binding Mr. Khowala to the agreements, Defendants respectfully request that the Court grant their motion and order that Mr. Khowala's claims be compelled to arbitration.

Dated: June 23, 2023

MCDOWELL HETHERINGTON LLP

/s/ Michael D. Matthews, Jr
Michael D. Matthews, Jr.
Diane S. Wizig*
MCDOWELL HETHERINGTON LLP
1001 Fannin Street, Suite 2400
Houston, Texas 77002
Telephone: (713) 337-5580
Facsimile: (713) 337-8850
matt.matthews@mhllp.com
diane.wizig@mhllp.com

*Attorneys for Defendants Vivint Smart Home, Inc. and Vivint, Inc.*

*pro hac vice application forthcoming

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on the 23rd day of June, 2023 via CM/ECF on all counsel of record.

/s/*Michael D. Matthews, Jr.*
Michael D. Matthews, Jr.